**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KEITH FARRELL,**

      **Plaintiff,**           Case No.:

**v.**

**JPMORGAN CHASE BANK, N.A.,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, KEITH FARRELL, by and through his undersigned counsel and sues the Defendant, JPMORGAN CHASE BANK, N.A., and states as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1367.

2.      Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3.      Plaintiff, KEITH FARRELL, is an adult resident of Hillsborough County, Florida.  At all times material, Plaintiff was an employee of Defendant within the meaning of the Family and Medical Leave Act.

4.      Defendant, JPMORGAN CHASE BANK, N.A., is a Foreign Corporation, authorized and doing business in this Judicial District.  At all times material, Defendant employed Plaintiff.  At all times material, Defendant employed the requisite number of employees and, therefore, is an employer as defined by the Family and Medical Leave Act.

## GENERAL ALLEGATIONS

5.      At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

6.      Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

7.      Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

8.      On or about May 26, 2009, Plaintiff began working for Defendant in Long Island, New York as a Retail Investments Services Associate across three (3) branches.

9.      Throughout his employment, Plaintiff was never disciplined, written up, or counseled for performance issues.  In fact, he consistently received favorable reviews and bonuses and in or around July 2022 ultimately progressed to the position of Senior Training Associate at Defendant's location in Tampa.

10.      Defendant is an international banking institution employing well over 50 employees and is therefore a covered employer under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.

11.      On or about April 3, 2026, Plaintiff informed his Manager, Catrina Roitman, that his wife was expecting a baby boy and submitted a formal request to utilize the Family and Medical Leave Act (FMLA) to take parental leave per Defendant's policy in or around June 2026.

12.      On or about April 6, 2026, Ms. Roitman informed Plaintiff that she needed to meet with him.

13.      On or about April 7, 2026, during a Zoom meeting, Ms. Roitman informed Plaintiff that Human Resources had an issue with his in-office hours.

14.      On or about April 8, 2026, Plaintiff began receiving multiple cancellations regarding future work-related meetings.

15.      On or about April 15, 2026, during a Zoom meeting, Adeia Brewton of Human Resources informed Plaintiff that he was under investigation for

violation of the Return to Office policy; although Plaintiff's attendance portal showed 97% attendance in-office at this time.

16.     On or about April 22, 2026, Ms. Roitman and Julia Rogers, Executive Director, met with Plaintiff on Zoom to terminate his employment for violation of the return to office policy.

17.     Plaintiff's termination occurred within weeks of informing Defendant of his wife's pregnancy and his desire to utilize FMLA protected parental leave for the birth of his child.

18.     Defendant's proffered explanation was false and pretextual. Upon information and belief, Defendant terminated Plaintiff to avoid granting parental leave and to discourage other employees from requesting protected medical leave.

19.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered loss of wages and benefits, and other damages recoverable under the FMLA.

## COUNT I
## FAMILY AND MEDICAL LEAVE ACT – INTERFERENCE

20.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 19.

21.     Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

22.     Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months, had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding his eligible FMLA leave, and worked at a location where the Defendant had at least fifty (50) employees within seventy-five (75) miles.

23.     Defendant is a covered employer under the FMLA in that it had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar year.

24.     Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights.  Specifically, Defendant failed to offer Plaintiff leave under the FMLA for which Plaintiff was qualified and failed to provide him with his notice of rights and responsibilities.  Moreover, Defendant failed to provide Plaintiff with leave under the FMLA and therefore interfered with Plaintiff's rights under the FMLA when it terminated Plaintiff's employment.

25.     Defendant's actions constitute violations of the FMLA.

26.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.     Back pay and benefits;

b.     Prejudgment interest on back pay and benefits;

  c. Front pay and benefits;

  d. Liquidated damages;

  e. Attorneys' fees and costs;

  f. Injunctive relief; and

  g. For any other relief this Court deems just and equitable.

**COUNT II**
**FAMILY AND MEDICAL LEAVE ACT -- RETALIATION**

27. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 19.

28. Defendant retaliated against Plaintiff in violation of the FMLA in that Plaintiff's request for FMLA leave was a substantial or motivating factor that prompted Defendant to take adverse employment actions against Plaintiff, including terminating Plaintiff's employment.

29. Defendant's actions constitute violations of the FMLA.

30. As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

  a. Back pay and benefits;

  b. Prejudgment interest on back pay and benefits;

  c. Front pay and benefits;

  d. Liquidated damages;

e.   Attorneys' fees and costs;

f.   Injunctive relief; and

g.   For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

31.   Plaintiff, KEITH FARRELL, demands a trial by jury on all issues so triable.

**DATED** this 27th day of May, 2026.

**FLORIN | GRAY**

*/s/ Wolfgang M. Florin*_____
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wflorin@floringray.com
**TROY E. LONGMAN, II, ESQUIRE**
Florida Bar No.: 1031921
tlongman@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)

*Trial Attorneys for Plaintiff*